DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, in which the trial court granted summary judgment to appellees, Loss Realty Group ("Loss") and Albert Porreca, thereby dismissing the complaint filed by appellants, Emerson and Beverly Abbott, in which they alleged appellees fraudulently and/or negligently misrepresented the square footage of their home. On appeal, appellants set forth the following three assignments of error:
 {¶ 2} "1. The trial court erred in granting Summary Judgment as to Appellants' claim for Fraudulent Misrepresentation in finding that Appellants `did not justifiably rely upon information' provided by a real estate agent to the purchaser, when the real estate agent failed to disclose his agency relationship at the time of making the misrepresentation and knew the information being provided was incorrect.
 {¶ 3} "2. The trial court erred in granting Summary Judgment as to Appellants' claim for Negligent Misrepresentation finding that the Appellants could not justifiably rely on specific representations made by a real estate agent to a purchaser when the real estate agent failed to disclose his agency relationship at the time of making the misrepresentation and knew the representations made were incorrect.
 {¶ 4} "3. The trial court erred in granting Summary Judgment as to Appellants' claim for Negligent Misrepresentation finding that caveat emptor is applicable when a real estate agent knowingly misrepresented material facts, and the agent knew the public record was also not correct."
 {¶ 5} The relevant facts are as follows. In May 2003, appellants purchased a home at 1244 Ernest, Temperance, Michigan, for $210,000, through Loss Realty Group. The home was listed for sale by Loss real estate agent, Al Porreca. A "Feature Sheet" prepared by Porreca stated the total livable area of the home was 1,991 square feet. The Feature Sheet also described the size of each separate room, and stated the home had a "fifth bedroom."
 {¶ 6} Appellants personally inspected the home three times before closing. They did not measure the rooms; however, they were aware the home had only three bedrooms and, during one of appellants' visits, Emerson Abbot expressed concern as to whether their furniture would fit into the living room. Shortly after closing, appellants hired a carpet installer to measure the home and discovered it contained 1,445 square feet of livable space.
 {¶ 7} On May 12, 2004, appellants filed a complaint against Loss and Porreca, in which they set forth a claim of negligent misrepresentation. The essence of appellants' complaint was that appellants believed they were purchasing a 1,991 square foot home for $210,000, resulting in a per-square-foot price of $105.47. However, since the home was only 1,445 square feet, appellants actually paid $145.33 per square foot. Appellants concluded, using their calculations, that the value of the home should have been $152,404.15. Therefore, they are entitled to recover economic damages in the amount of $57,564.21, plus prejudgment interest, post-judgment interest, reasonable attorney fees, and court costs.
 {¶ 8} On August 12, 2004, appellees filed a motion to dismiss the complaint and a memorandum in support, in which they asserted: 1) appellants' claims are barred by caveat emptor; and 2) the complaint did not state a cause of action for negligent representation.
 {¶ 9} On August 26, 2004, appellants filed a memorandum in opposition, arguing they "reasonably relied" on the size of the home as represented by Porreca in the Feature Sheet, which states the information therein was obtained from "sources deemed reliable." Appellants further argued that appellees should have known appellants would rely on statements made in the Feature Sheet and the local realtors' Multiple Listing Service ("MLS") printout, which also stated the home had 1,991 square feet, in determining the home's value. Finally, appellants argued their claim is not barred by caveat emptor because Porreca did not timely disclose that he was the sellers' exclusive agent.
 {¶ 10} On August 30, 2004, appellants filed an amended complaint, adding a claim of fraudulent misrepresentation against Loss and Porreca, along with Eugene and Carole Jenne, the sellers of the home.[1] On September 29, 2004, appellees filed a reply and a "Supplemental Memorandum" in support of their motion to dismiss. Attached to the memorandum were Porreca's affidavit, copies of the Feature Sheet, the MLS printout, a document titled "Disclosure Regarding Real Estate Agency Relationships," and the purchase agreement executed by appellants and the Jennes.
 {¶ 11} In his attached affidavit, Porreca stated he measured the home's individual rooms and consulted Bedford Township public records, which stated the home's total square footage was 1,991 square feet. Porreca stated he gave the information to a Loss employee, who produced the Feature Sheet. Porreca further stated appellants inspected the inside and outside of the home three times before closing and that, on one occasion, Ernest Abbott "stated that he was not comfortable that the living room was big enough for some of his furniture."
 {¶ 12} The attached copy of the MLS printout stated the home contained 1,991 square feet, as did the copy of the Bedford Township tax records. However, the tax records clearly included a 480 square foot garage in the home's total square footage. Unlike the Feature Sheet, neither the MLS printout nor the tax records described a fifth bedroom. The document titled "Disclosure Regarding Real Estate Agency Relationships," executed by Porreca two weeks before closing, stated that Porreca was the exclusive agent of the sellers.
 {¶ 13} Paragraph six of the Purchase Agreement executed by the parties on April 16, 2004, states: "subject to Purchaser's inspections rights * * *, Purchaser is purchasing the Property in its present 'as is' condition
* * *." (Emphasis added.) In addition, a disclaimer at the bottom of the Feature Sheet states:
 {¶ 14} "All information herein is from sources deemed reliable. No representation is made as to its accuracy. It is provided subject to error and omissions and to change of price or terms, prior sale or lease, or withdrawal, all without notice."
 {¶ 15} On October 12, 2004, appellants filed a response and memorandum in support. Attached to the memorandum were unauthenticated copies of a written message from Porreca to appellants' attorney regarding the home's square footage; the Feature Sheet, Porreca's affidavit, a diagram showing measurements of each room in the home, and the Bedford Township tax records. On October 22, 2004, appellees filed a surreply, in which they asked the trial court to strike appellants' unauthenticated exhibits as inadmissible under Civ.R. 56. On November 1, 2004, with leave of court, appellants filed appellant Emerson Abbott's affidavit, in which he authenticated the attachments for evidentiary purposes.
 {¶ 16} On January 12, 2005, the trial court converted appellees' motion to dismiss to a motion for summary judgment. The parties were given time to present evidence if necessary, however; no such evidence was presented.
 {¶ 17} On March 4, 2005, the trial court filed a judgment entry, in which it found appellants presented no evidence to show they relied on errors in the Feature Sheet before purchasing the home. The trial court further found appellants' reliance on the Feature Sheet, if any, was misplaced, because they had adequate opportunity to discover the size of the home for themselves; the Feature Sheet contained a disclaimer; appellants knew before closing that the home had only three bedrooms; and the 1,991 square feet stated in the Bedford Township tax records included a 480 square foot garage.
 {¶ 18} Based on the above findings, the trial court found appellants "were not justified in relying on the statements in the Feature Sheet," and granted summary judgment to appellees. Appellants' complaint was dismissed in its entirety. A timely notice of appeal was filed on April 1, 2005.
 {¶ 19} We note at the outset that an appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129; Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Initially, the party seeking summary judgment bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293.
 {¶ 20} In their second assignment of error, appellants assert the trial court erred by finding their reliance on the information in the Feature Sheet was not justified, and dismissing their claim for negligent misrepresentation on that basis. We will consider this assignment of error first, since our disposition of the issue raised therein determines the outcome of this appeal.
 {¶ 21} A cause of action for negligent misrepresentation is defined by the following scenario:
 {¶ 22} "`One who, in the course of his business, profession, or employment, or any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, [and is therefore] subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.'" Crown PropertyDevelopment, Inc. v. Omega Oil Co. (1996), 113 Ohio App.3d 647, 656, quoting Haddon View Invest. Co. Coopers Lybrand (1982),70 Ohio St.2d 154.
 {¶ 23} The essential elements for negligent misrepresentation are false information and justifiable reliance. Id., citing Zuber v. OhioIns. Dept. (1986), 34 Ohio App.3d 42, 45. "Reliance is justified if the representation does not appear unreasonable on its face and if, underthe circumstances, there is no apparent reason to doubt the veracity of the representation." Id., citing Lepara v. Fuson (1992),83 Ohio App.3d 17, 26 (emphasis added).
 {¶ 24} The record contains no evidence appellants either directly inquired as to the total square footage of the home before closing, or told Porreca that price-per-square-foot of livable space was a material factor in their decision to purchase an existing home, as opposed to building a new home. The only evidence in the record that appellants even considered the amount of total livable square footage was Porreca's statement that Ernest Abbott thought the living room "might be too small for his furniture." In contrast, the record does show that appellantschose to rely on the information in the Feature Sheet and did not measure the home themselves, or hire someone else to measure it, until after
closing, as evidenced by Ernest Abbott's affidavit.
 {¶ 25} Appellants attempt to justify their reliance by pointing out the Feature Sheet states "[a]ll information herein is from sources deemed reliable." However, as set forth above, the Feature Sheet also disclaimed liability on the part of appellees for any "errors and omissions" in the information provided.
 {¶ 26} As to the issue of Porreca's loyalty, any misunderstanding was cured several weeks before closing when appellants were given the agency disclosure form, which states Porreca is the sellers' exclusive agent. In any event, Porreca's status as the sellers' exclusive agent is irrelevant since, as the listing agent, Porreca stood to benefit from any sale of the home. Finally, the record shows appellants were aware before closing of discrepancies between the printout and the Feature Sheet as to the amount of bedrooms, and the tax records state the 1,991 square feet included a 480 square foot garage. Accordingly, appellants' reliance, if any, on the absolute accuracy of the MLS printout and the tax records was unjustified.
 {¶ 27} This court has reviewed the entire record that was before the trial court and, on consideration thereof finds that, under thecircumstances presented in this case, appellants were not justified in relying solely on representations that the home contained 1,991 square feet. Accordingly, the trial court did not err by finding appellants failed to establish all the elements of negligent misrepresentation. Appellant's second assignment of error is not well-taken.
 {¶ 28} In their first assignment of error, appellants assert the trial court erred by dismissing their claim of fraudulent misrepresentation. In support, appellants argue Porreca knew the actual size of the home; Porreca did not immediately disclose to appellants that he was the sellers' agent; and appellees failed to inform appellants that the size of the home, as represented in the Feature Sheet, the MLS printout and the Bedford Township tax records, was misstated.
 {¶ 29} In order to maintain an action for fraudulent misrepresentation, a claimant must show all of the following: "(1) a representation, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance." Brewer v.Brothers (1992), 82 Ohio App.3d 148, 153, citing Burr v. Stark Cty.Bd. of Commrs. (1986), 23 Ohio St.3d 69, 73 (other citations omitted).
 {¶ 30} As set forth in our disposition of appellants' second assignment of error, appellants' reliance on the representations of others that the home contained 1,991 square feet was not justified in this case. Accordingly, appellants have not established all the necessary elements of fraudulent misrepresentation, and their first assignment of error is not well-taken.
 {¶ 31} In their third assignment of error, appellants assert the trial court erred by finding their claims are barred by caveat emptor. In support, appellants argue that caveat emptor should not apply in this case, because they were given inaccurate information regarding the size of the home in response to an inquiry.
 {¶ 32} In Ohio, the principle of caveat emptor is applicable to real estate transactions "relative to conditions open to observation." Laymanv. Binns (1988), 35 Ohio St.3d 176, 177. Accordingly, in cases where a condition is discoverable and the purchaser has an unhampered opportunity to investigate but fails to do so, he has no cause of action for misrepresentations or misstatements by a vendor, unless the vendor's actions or omissions amount to fraud. Id.
 {¶ 33} A review of the record shows appellants had ample opportunity to ascertain the size of the home for themselves, but chose not to do so. In addition, as set forth in our disposition of appellants' first and second assignments of error, appellants have not demonstrated all of the elements necessary to show fraud on the part of appellees. Accordingly, we find the trial court did not err by finding appellants' claims are barred by the principle of caveat emptor. Appellant's third assignment of error is not well-taken.
 {¶ 34} On consideration whereof, this court finds no other genuine issue of fact remains. Accordingly, after considering the evidence presented in the light most favorable to appellants, appellees are entitled to summary judgment as a matter of law.
 {¶ 35} The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., J. Skow, J., M. Parish, J. concur.
[1] As noted by the trial court, the amended complaint contained multiple claims for relief; however, for purposes of this appeal, the relevant claims are negligent misrepresentation and fraudulent misrepresentation. The Jennes are not parties to this appeal.